———o———

STEPHEN M. CHAPMAN, Defendant in Error, *vs.* WM. L. WHITE, *et al.*, Plaintiffs in Error.

1. *Practice, civil—New trial, motion for—Verdict—Arrest of judgment, motion in.*—An objection to a general verdict on a petition containing two counts, that it does not specify the amount found due on each count, will not be considered · by this court, if it was not alleged in the motion for a new trial or in arrest.

*Error to Stoddard Circuit Court.*

*Kitchen & McGinness,* for Plaintiffs in Error.

When there are two counts in a petition, jury must say in their verdict on which they find. (Whittelsey's Practice, 392, 393, § 324, and authorities cited ; Clark's Adm'r vs. Han. & St. Joseph R. R. Co., 36 Mo., 215.)

*Myers & Litton,* for Defendant in Error.

It is too late to raise this objection to the verdict. It should have been made in the motion in arrest, so that the lower court could have had an opportunity of correcting any error it may have committed.

ADAMS, Judge, delivered the opinion of the court.

This was an action for money had and received by the defendant and for services rendered by plaintiffs for defendant. The answer is not copied into the record, but the record states that the answer was a general denial.

The plaintiffs gave evidence conducing to prove their case and the jury found a general verdict for plaintiffs without specifying on what count they found. There was a motion for a new trial which was overruled.

The point raised here is, that the jury did not find on each count or specify on what count they found their verdict, and as

no such reason was given in the motion for a new trial or in arrest, we cannot consider it here. The object of such motion is to give the court below a chance to correct any errors that occurred before the final judgment.

There were some questions asked some of the witnesses on cross-examination by the defendant, which were ruled out by the court.

It does not appear that the answers to the questions could have had any material effect on the case, and we cannot see that there was an error in refusing to allow them to be answered.

On the whole record I see no error sufficient to justify a reversal. Let the judgment be affirmed. The other Judges concur.